**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL J. SHUFF,<br><br>         Plaintiff-Appellant,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>         Defendant-Appellee. | No.   17-35823<br><br>D.C. No. 3:16-cv-05579-JCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted December 4, 2018
Seattle, Washington

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Michael Shuff appeals from the district court's judgment affirming the

decision of the administrative law judge (ALJ) denying Shuff's application for

Social Security disability benefits. We affirm.

**1.** The ALJ's determination is supported by substantial evidence. Dr. Carl,

Shuff's treating physician, as well as Dr. Bays, Dr. Boudreaux, Dr. Tallerico, and

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Mr. Selisch, provided medical opinions between 2001 and 2006 that Shuff was able to work and therefore not disabled. The ALJ provided clear and convincing reasons to discount Dr. Van Linder and Dr. Wendt's September 2003 opinion and Dr. Brion's May 2005 opinion suggesting otherwise. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). Both opinions indicated that Shuff's condition was subject to change, and neither opinion contradicts the many other opinions finding that Shuff previously had or later regained the ability to work.

There is not as much medical evidence in the record regarding Shuff's condition from 2007 until Shuff's date last insured in September 2008. But the ALJ provided clear and convincing reasons to discount three opinions prepared after 2008: an August 2009 opinion by Mr. Brown, Shuff's treating nurse practitioner; a June 2009 opinion by Dr. Greenwald; and a January 2011 opinion by Dr. Swanson. Medical opinions postdating the period for disability "should not be disregarded solely on that basis." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). But here, none of the opinions provide any discussion of Shuff's condition, which at least from 2001 to 2006 appeared to fluctuate considerably, during the relevant time period.

2. Shuff did not raise before the district court and therefore forfeited the argument that the ALJ should have included his depression, as diagnosed by Dr. Denny and opined by Mr. Brown, in determining his residual functional capacity.

*See Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014).  In any case, the ALJ did consider his depression, which the medical opinions indicate did not interfere with his ability to work.

**3.**  The ALJ provided sufficiently clear and convincing reasons to discount Shuff's testimony.  *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  The ALJ also provided germane reasons to discount the lay evidence from Shuff's wife.  *See id.* at 1288.

**AFFIRMED.**